UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>)<br>v.            )<br>)<br>)<br>JOSE MERCED, et al.      )<br>)<br>Defendants.    ) | CRIMINAL NO. 03-30008-MAP |

THE GOVERNMENT'S STATUS
REPORT PURSUANT TO LOCAL RULE 117.1

The United States of America, by Michael J. Sullivan, United States Attorney for the District of Massachusetts, hereby submits the following status report pursuant to Local Rule 117.1 which addresses various issues that the government anticipates will be addressed by the Court at the Initial Pretrial Conference scheduled for October 27, 2004.

1.   The superseding indictment returned on October 14, 2003, charges twenty-five defendants with conspiracy to possess with intent to distribute cocaine, cocaine base and heroin. Thus far, seven defendants, Jose Merced, Carlos Pizarro, Carlos Morales, Zenia Sanchez, Carlos O. Morales, Ana Gonzalez and Taiwan Jones have plead guilty. Another five to seven defendants have either stated their intentions to plead guilty or have been seriously negotiating a plea. (David Gonzalez, SirJeffory Smith, Carmen Louise Rodriguez, William Torres, Christopher Ortega, Tal

Hosey and Manuel Colon.) The government anticipates that these negotiations will result in guilty pleas. The eleven remaining defendants will be going to trial. The government estimates that it will need four to six weeks to try eleven defendants.

2. There are no Speedy Trial Act issues. The following five defendants have not plead guilty and are incarcerated pending trial: Daniel Almonte, Cirilo Delgado, William Torres, Manuel Colon and Robert Martin.

3. There are no outstanding discovery requests except for one request submitted by Daniel Almonte for copies of wire tap applications filed in the Southern District of New York. The government is required to respond to that request on November 1, 2004.

4. There are a number of pending pre-trial motions:

A. <u>Daniel Almonte</u>

Almonte has filed a motion to suppress telephone conversations intercepted pursuant to two court authorized wire taps. He has also moved to suppress physical evidence (approximately two kilos of cocaine and $10,000.00) seized by law enforcement agents on February 4, 2003, during the execution of a state search warrant authorizing the search of a Nissan Quest, and evidence seized during the execution of two federal search warrants executed on February 13, 2003, at his restaurant, El Valle, and at his residence, 116 Wilmont Street, Springfield, MA.

Finally, Almonte has moved to sever his case from his co-defendants.

B.  <u>Cirilo Delgado</u>

Like Almonte, C. Delgado has also moved to suppress all Court authorized wire interceptions and the evidence seized during the search of the Nissan Quest. In addition, C. Delgado has moved to exclude evidence relating to the use of a dog trained to detect the presence of narcotics during the search of the Nissan Quest. C. Delgado has further moved to suppress certain post arrest oral statements made to law enforcement agents on February 13, 2004. Finally, C. Delgado has also moved to sever his case from his co-defendants.

C.  <u>Charles Winston</u>

Winston has filed a motion to suppress all evidence (firearm, ammunition, cash, including items seized from a safe, and a scale containing cocaine residue) seized from his residence during the execution of a federal search warrant issued by Magistrate Judge Kenneth P. Neiman on October 15, 2003. Prior to the search, Winston was arrested at his home pursuant to an arrest warrant. After his arrest but prior to receiving his Miranda warnings, Winston made certain comments regarding the amount of cash at his home to law enforcement agents. Winston has moved to suppress those statements. In addition, Winston challenges the legality of a protective sweep conducted by law

enforcement agents when they first entered Winston's residence to serve the arrest warrant.

The government has asked for an extension until November 4, 2004, to file its response to these motions. It is likely that Winston's motion to suppress will require a short evidentiary hearing. It is doubtful that any other motions will require an evidentiary hearing.

5. <u>Jencks Act material</u>

The government has made all pertinent grand jury testimony available for counsel's review at the United States Attorney's Office. The government will provide copies of all Jencks Act material one month prior to the commencement of trial.

6. <u>Rule 404(b) and Motions in Limine</u>

The Court should set a schedule for the filing of Rule 404(b) motions and motions in limine at least two weeks prior to trial.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By: /s/ Ariane D. Vuono
Ariane D. Vuono
Thomas J. O'Connor
Assistant U.S. Attorneys

4

CERTIFICATE OF SERVICE

Springfield, Massachusetts
October 27, 2004

I, Ariane D. Vuono, Assistant U.S. Attorney, do hereby certify that I have served a copy of the foregoing on the defendants by providing a copy, via facsimile, to counsel of record.

*Ariane W. Vuono/ls*
ARIANE D. VUONO
Assistant U.S. Attorney