UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>Plaintiff )<br>)<br>)<br>v. )<br>)<br>JOSE MERCED, and )<br>TAL HOSEY, et al )<br>)<br>Defendants )<br>) | CRIMINAL NO. 03-30008-MAP |

### DEFENDANT, TAL HOSEY'S, MOTION FOR DOWNWARD DEPARTURE

Now comes the defendant, Tal Hosey, and moves this court under s. 4(a)1.3 of the United States Sentencing Guidelines for a downward departure on the basis that his criminal history computation overstates the severity of his criminal history record. As grounds for this motion, the defendant states as follows:

On August 29, 2005 Mr. Hosey pleaded guilty to conspiracy to possess with intent to distribute cocaine base in violation of 21 U.S.C. s. 846 and possession with intent to distribute cocaine base in violation of 21 U.S.C. s. 841. The defendant admitted to involvement in a drug quantity of at least 150 grams but less than 500 grams of cocaine base. The charges to which the defendant pleaded guilty carry a minimum mandatory sentence of ten years in prison.

The defendant's base offense level under the guidelines is 34. The defendant, pursuant to the plea agreement, was awarded a three point reduction for acceptance of responsibility. The defendant's criminal history score, as determined by Probation, is nine points, resulting in a criminal history category of four. The defendant asserts that a

REARDON & REARDON
ONE EXCHANGE PLACE
WORCESTER, MA 01608
TEL: (508) 754-1111

1

category four placement overstates the seriousness of his criminal history in that the defendant does not have a significant recent history of violence or drug dealing. A review of the defendant's criminal history contained in paragraphs 77-90 of the presentence report indicates that the defendant's one instance of crimes of violence occurred on January 1, 1991 when he was charged with assault and battery with a dangerous weapon, breaking and entering in the daytime and putting an occupant in fear (paragraph 81 of the presentence report). The defendant's remaining offenses which are used to compute his criminal history score consist of:

(1) Possession of Class D substance from June 22, 1992 (paragraph 83);

(2) Operating a motor vehicle after a suspended license, August 3, 1999 (paragraph 85);

(3) Operating a motor vehicle after a suspended license, November 29, 1999 (paragraph 86);

(4) Possession of a controlled substance, December 7, 2001 (paragraph 87);

(Other criminal conduct of the defendant is contained in paragraphs 91-100 of the report, but does not play a role in his criminal history computation.) In addition, the defendant is receiving a two point enhancement under s. 4A1.1(d) because he committed the offenses for which he is being sentenced in this court, while on probation for failure to pay a fine on a possession of a controlled substance case in Elmira, New York (see paragraphs 87-90 of the presentence report).

In accordance with the decision in United States v. Booker, 125 S. Ct. 738 (2005) the sentencing guidelines are now advisory, not mandatory. Downward departure is appropriate where a defendant's criminal history category overstates the seriousness of his criminal record or likelihood that he will reoffend. See, U. S. v. Estevez, 419 F.3d 77,

REARDON & REARDON
ONE EXCHANGE PLACE
WORCESTER, MA 01608
TEL: (508) 754-1111

2

79-82 (2005).

Under these circumstances, where the defendant's criminal history reflects only one incident of assaultive offenses in January of 1991, and minor motor vehicle, narcotics and receiving stolen property offenses from 1991 until the present time, the defendant asserts that a criminal history score of nine, category four, overstates the seriousness of the defendant's past offenses and his likelihood to reoffend. The defendant, therefore, requests that this court depart downward and sentence the defendant to a sentence approximating the ten year mandatory minimum required by statute.

The Defendant,
by his attorney

Dated: 11/22/05

James G. Reardon, Jr., Esq.
Reardon & Reardon
One Exchange Place
Worcester, MA 01608
Tel: 508-754-1111
BBO: 544557

## CERTIFICATE OF SERVICE

I hereby certify that I have forwarded a copy of the above **DEFENDANT, TAL HOSEY'S, MOTION FOR DOWNWARD DEPARTURE** to AUSA Thomas O'Connor, Jr., United States District Court, 1550 Main Street, Springfield, MA 01103.

Signed under the pains and penalties of perjury this 22nd day of November, 2005.

James G. Reardon, Jr., Esq.

REARDON & REARDON
ONE EXCHANGE PLACE
WORCESTER, MA 01608
TEL: (508) 754-1111